Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: 602.328.0262
Facsimile: 602.926.1479
Email: srandall@randallslaw.com

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713.352.1100
Facsimile: 713.352.3300
Emails: mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: 713.877.8788
Email: rburch@brucknerburch.com

**ATTORNEYS FOR DESMAN AND THE HOURLY EMPLOYEES**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Charli Desman, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TMC Healthcare, an Arizona nonprofit corporation,<br><br>Defendant. | **Case No. ________________**<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);** |

**(2) Failure to Timely Pay Earned Wages (Arizona Wage Act, A.R.S. § 23-350, *et seq.*).**

**(Jury Trial Demanded)**

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Charli Desman (Desman) brings this class and collective action to recover unpaid wages and other damages from TMC Healthcare (TMC).

2. TMC employs Desman as one of its Hourly Employees (defined below).

3. Desman and the other Hourly Employees work more than 40 hours in a workweek.

4. TMC pays them by the hour.

5. But TMC does not pay Desman and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

6. Instead, TMC pays Desman and the other Hourly Employees non-discretionary bonuses, including sign on bonuses, that it fails to include in their regular rates of pay for overtime purposes (TMC's "bonus pay scheme").

7. TMC's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to compensate Desman and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

8. And TMC thus fails to timely pay all earned wages due on designated paydays and upon termination of employment, in violation of the Arizona Wage Act (AWA).

### JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. This Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. This Court has general personal jurisdiction over TMC because it maintains its principal place of business in Arizona.

12. Venue is proper because TMC maintains its principal place of business in Tucson, Arizona, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. TMC has employed Desman as a surgical technician in its Tucson Medical Center since approximately May 2024.

14. Throughout her employment, TMC has paid Desman under its bonus pay scheme.

15. Desman's written consent is attached as **Exhibit 1**.

16. Desman brings this class and collective action on behalf of herself and other similarly situated TMC employees paid under its bonus pay scheme.

17. The putative FLSA collective is defined as:

> **All hourly TMC employees who were paid a bonus not included in their regular rate of pay during the last three years through final resolution of this action (the "FLSA Collective Members").**

18. The putative AWA class of similarly situated employees is defined as:

> **All hourly TMC employees who worked in Arizona who were paid a bonus not included in their regular rate of pay during the last one year through final resolution of this action (the "Arizona Class Members").**

19. The FLSA Collective Members and the Arizona Class Members are collectively referred to as the "Hourly Employees."

20. TMC is an Arizona nonprofit corporation headquartered in Tucson, Arizona.

21. TMC may be served with process through its registered agent: Tim Reuschel, 5301 East Grant Road, Tucson, Arizona 85712.

## FLSA COVERAGE

22. At all relevant times, TMC was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, TMC was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, TMC was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

25. At all relevant times, TMC had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

26. At all relevant times, Desman and the other Hourly Employees were TMC's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

27. At all relevant times, Desman and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

28. TMC touts itself as "Southern Arizona's leading provider for emergency care and pediatric care (including Tucson's first Pediatric Emergency Department), with intensive care units for adults, children and newborns. Other specialty areas include women's, maternity, cardiac care, orthopaedic, neuroscience, hospice, surgical and vascular care."[1]

[1] https://www.tmchealth.tmcaz.com/en/about-us (last visited August 21, 2025).

29. TMC advertises job openings and solicits job applications through its website and also provides a portal for current employees to access pay, benefits, scheduling, and similar information.[2]

30. To meet its business objectives, TMC employs workers, including Desman and the other Hourly Employees, to care for patients.

31. For example, TMC has employed Desman as a surgical technician in its Tucson Medical Center since approximately May 2024.

32. Desman's primary job duties include preparing operating rooms, maintaining a sterile field, and providing instruments and supplies to surgical teams.

33. Throughout her employment, Desman has regularly worked more than 40 hours a workweek.

34. Indeed, Desman typically works approximately 10 hours a day and 4 to 5 days a week "on the clock" (40 to 50 hours a workweek).

35. Likewise, the other Hourly Employees typically work similar schedules of approximately 40 to 60 hours a workweek "on the clock."

36. Desman and the other Hourly Employees are required to report their "on the clock" hours worked via the timekeeping system TMC selects and controls.

37. TMC agreed to pay Desman approximately $39.97 an hour.

38. TMC agreed to pay the other Hourly Employees a similar hourly rate.

39. But TMC does not pay Desman and the other Hourly Employees at the required premium overtime rate for all hours worked in excess of 40 in a workweek.

40. Instead, TMC pays Desman and the other Hourly Employees under its bonus pay scheme.

[2] https://www.tmchealth.tmcaz.com/en/for-employees (last visited August 21, 2025).

41. Specifically, TMC agrees to pay and subsequently pays Desman and the other Hourly Employees non-discretionary bonuses, including signing bonuses, that it fails to include in their regular rates of pay for overtime purposes.

42. For example, TMC paid Desman a "Signing Bonus" of $7,500 and "Relocation Expenses" of $3,000:

> **1.** **SIGNING BONUS.** A "Signing Bonus" of **Seven Thousand Five Hundred and no/100 Dollars ($7,500.00)**, half will be payable in your first paycheck, and the other half upon completion of 6 months of service.
>
> **2.** **RELOCATION.** Tucson Medical Center will stipend (or pay directly if agreed to by and arranged with TMC) your reasonable moving and relocation expenses to the Tucson, Arizona, area, not to exceed **Three Thousand and no/100 ($3,000.00) Dollars** ("Relocation Expenses"). Relocation Expenses will be paid directly to you or paid directly to the TMC approved relocation company. Unless otherwise specifically agreed in writing, the amount available for Relocation Expenses shall be utilized before the six (6) month anniversary of the Commencement Date.

43. And TMC requires Desman to pay these "Employment Incentives" back to TMC if she does not remain employed full time and fulfill all of TMC's employment requirements for at least two years:

> **3.** **REPAYMENT.** The total amount of Employment Incentives may be recovered by TMC during the first two (2) years of your employment by TMC (or an affiliate of TMC), as follows:
>
> (a) If you fail to satisfy the requirements for and commence employment on or before the Commencement Date, or if you (i) if you are no longer employed by TMC (or an affiliate of TMC) for any reason other than your death or complete disability, or (ii) have converted to *per diem* status, before the 6 month anniversary of the Commencement Date, you shall immediately repay TMC the total amount paid or reimbursed by TMC as Employment Incentives.
>
> (b) If you (i) are no longer employed by TMC (or an affiliate of TMC) for any reason other than your death or complete disability, or (ii) have converted to *per diem* status, between the six month and second anniversaries of the Commencement Date, you will immediately repay TMC an amount equal to one twenty-fourth (1/24th) of the total amount paid or reimbursed by TMC as Employment Incentives for each month less than twenty-four months that you were employed by TMC.

44. But TMC does not include these non-discretionary bonuses in Desman's regular rate of pay for overtime purposes, as evidenced by her paystub for the pay period ending July 19, 2025:



HOURS AND EARNINGS

| Description | Rate | Current Hours | Earnings |
|---|---|---|---|
| Regular Pay | 39.970000 | 65.00 | 2,598.05 |
| Overtime Pay | 42.599503 | 0.25 | 15.32 |
| Education Pay | 39.970000 | 15.00 | 599.55 |
| Preceptor Premium Pay | 2.000000 | 13.25 | 26.50 |
| On Call $5 | 5.000000 | 21.75 | 108.75 |
| Shift 2 Premium | 3.997000 | 0.75 | 3.00 |
| Call Back 1.5 Pay | 59.955000 | 0.75 | 44.97 |
| Live Well Credit-Employee | | | 16.67 |
| Lump Sum Payment | | | 43.68 |
| PTO Pay | | | 0.00 |
| Shift 3 Premium | | | 0.00 |
| Holiday Pay | | | 0.00 |
| On-Call Premium Pay | | | 0.00 |
| TOTAL: | | 116.75 | 3,456.49 |

BEFORE-TAX

45. Thus, under its bonus pay scheme, TMC does not pay Desman and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek, in violation of the FLSA and AWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

46. Desman brings her claims as a class and collective action on behalf of herself and the other Hourly Employees.

47. Like Desman, the other Hourly Employees are victimized by TMC's bonus pay scheme.

48. Other Hourly Employees worked with Desman and indicated they were paid in the same or similar manner under TMC's bonus pay scheme.

49. Based on her experience with TMC, Desman is aware TMC's bonus pay scheme was imposed on other Hourly Employees.

50. The Hourly Employees are similarly situated in the most relevant respects.

51. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

52. Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class or collective treatment.

53. Rather, TMC's bonus pay scheme renders Desman and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 a workweek.

54. TMC's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

55. TMC's records also show it paid Desman and the other Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

56. The back wages owed to Desman and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

57. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to TMC's records, and there is no detraction from the common nucleus of liability facts.

58. Therefore, the issue of damages does not preclude class or collective treatment.

59. Desman's experiences are therefore typical of the experiences of the other Hourly Employees.

60. Desman has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

61. Like each Hourly Employee, Desman has an interest in obtaining the unpaid wages owed under federal and Arizona law.

62. Desman and her counsel will fairly and adequately protect the interests of the Hourly Employees.

63. Desman retained counsel with significant experience in handling complex class and collective action litigation.

64. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and TMC will reap the unjust benefits of violating the FLSA and AWA.

65. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

66. Indeed, the multiplicity of actions would create hardship for the Hourly Employees, the Court, and TMC.

67. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

68. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

69. Among the common questions of law and fact are:

a. Whether TMC paid the Hourly Employees non-discretionary bonuses;

b. Whether TMC failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

c. Whether TMC failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

d. Whether TMC failed to timely pay all wages due to the hourly employees;

e. Whether TMC's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

f. Whether TMC's violations were willful.

70. As part of its regular business practices, TMC intentionally, willfully, and repeatedly violated the FLSA with respect to Desman and the other Hourly Employees.

71. There are many similarly situated Hourly Employees who have been denied overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

72. The Hourly Employees are known to TMC, are readily identifiable, and can be located through TMC's business and personnel records.

**TMC'S VIOLATIONS WERE WILLFUL**

73. TMC knew it employed Desman and the other Hourly Employees.

74. TMC knew it was subject to the FLSA's overtime provisions.

75. TMC knew the FLSA required it to pay non-exempt employees, including Desman and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

76. TMC knew Desman and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours via TMC's timekeeping system.

77. TMC knew Desman and the other Hourly Employees were non-exempt employees entitled to overtime pay.

78. TMC knew it paid Desman and the other Hourly Employees non-discretionary bonuses.

79. TMC knew it was required to include these non-discretionary bonuses in their regular rates of pay.

80. TMC knew these non-discretionary bonuses were not included in Desman's and the other Hourly Employees' regular rates of pay for overtime purposes.

81. And TMC knew the FLSA required it to pay Desman and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

82. TMC's failure to pay Desman and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

83. TMC knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Desman and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA.

## COUNT I
## FAILURE TO PAY OVERTIME UNDER THE FLSA
## (FLSA COLLECTIVE)

84. Desman brings her FLSA claim as a collective action on behalf of herself and the other Hourly Employees pursuant to 29 U.S.C. § 216(b).

85. TMC violated, and is violating, the FLSA by employing non-exempt employees such as Desman and the other Hourly Employees in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

86. TMC's unlawful conduct harmed Desman and the other Hourly Employees by depriving them of overtime wages they are owed.

87. Accordingly, TMC owes Desman and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

88. Because TMC knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, TMC owes Desman and the other Hourly Employees these wages for at least the past 3 years.

89. TMC is also liable to Desman and the other Hourly Employees for an amount equal to all their unpaid overtime wages as liquidated damages.

90. Finally, Desman and the other Hourly Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COUNT II**
**FAILURE TO PAY EARNED WAGES UNDER THE AWA**
**(ARIZONA CLASS)**

91. Desman brings her AWA claim on behalf of herself and the other Arizona Class Members pursuant to FED. R. CIV. P. 23.

92. The conduct alleged violates the AWA. A.R.S. §§ 23-350, *et seq*.

93. At all relevant times, TMC was Desman's and the other Arizona Class Members' "employer" within the meaning of the AWA. *See* A.R.S. § 23-350(3).

94. At all relevant times, TMC employed Desman and the other Arizona Class Members as its covered "employees" within the meaning of the AWA. *See* § 23-350(2).

95. Desman's and the other Arizona Class Members' outstanding earned overtime wages are "wages" within the meaning of the AWA. *See* § 23-350(7).

96. The AWA requires employers, like TMC, to timely pay employees, including Desman and the other Arizona Class Members, "all wages due … up to that date" on their regular established paydays. A.R.S. § 23-351(C).

97. The AWA further requires employers, like TMC, to timely pay employees, including Desman and the other Arizona Class Members, all earned overtime wages no later than sixteen days after the end of the most recent pay period. A.R.S. § 23-351(C)(3).

98. The AWA prohibits employers, like TMC, from withholding or diverting any portion of an employee's earned wages. A.R.S. § 23-352.

99. TMC violated, and is violating, the AWA by failing to timely pay, and instead willfully withholding earned overtime wages from Desman and the other Arizona Class Members. *See* A.R.S. §§ 23-351(C)(3) and 23-352.

100. TMC's unlawful conduct harmed Desman and the other Arizona Class Members by depriving them of timely payment of the full overtime wages they are owed.

101. Accordingly, TMC owes Desman and the other Arizona Class Members the difference between the rate actually paid and the required overtime rate, which to date, remains outstanding.

102. TMC is liable to Desman and the other Arizona Class Members for treble damages. *See* A.R.S. § 23-355.

103. Finally, Desman and the other Arizona Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**JURY DEMAND**

104. Desman demands a trial by jury on all Counts.

**RELIEF SOUGHT**

WHEREFORE, Desman, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An Order designating the Arizona Class as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Desman and her counsel to represent the interests of the Arizona Class;

d. An Order finding TMC liable to Desman and the other Hourly Employees for unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding TMC liable to Desman and the Arizona Class Members for unpaid earned wages owed under the AWA, plus treble damages;

f. A Judgment against TMC awarding the Hourly Employees all their unpaid wages, including overtime wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the FLSA and/or AWA;

g. An Order awarding attorney's fees, costs, and expenses to the Hourly Employees;

h. Pre- and post-judgment interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

Dated: August 27, 2025

Respectfully submitted,

**RANDALL LAW PLLC**

By: */s/ Samuel R. Randall*
Samuel R. Randall (No. 024517)
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
602-328-0262 – Telephone
602-926-1479 – Facsimile
srandall@randallslaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

**Pro hac vice applications forthcoming*

**ATTORNEYS FOR DESMAN & THE HOURLY EMPLOYEES**